## Merriman *versus* Moore.

1. Although the clause, in a deed of conveyance, "under and subject" to a mortgage is a covenant of indemnity only as between grantor and grantee for the protection of the former, yet such grantee may so contract with his grantor as to make himself personally liable to the mortgagee, for the amount of the mortgage, even though his grantor was not so liable.

2. A. conveyed land to B., "under and subject" to the payment of a mortgage to C. The deed to A. contained no "under and subject" clause. In a suit by C. against B., to recover the amount of the mortgage, C. offered to prove that when B. took the conveyance from A., he expressly agreed that he would assume the payment of the mortgage, and that the mortgage formed part of the consideration money. *Held,* that such evidence should have been admitted. *Held, further,* that although A. was not liable, yet his contract was not without consideration, inasmuch as the price of the land was the consideration.

3. It is a rudimentary principle that a party may sue on a promise made on a sufficient consideration, for his use and benefit, though it be made to another and not himself.

4. The Act of June 12th 1878, is not retrospective, but was intended to apply only to future cases.

March 27th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Montgomery county* : Of January Term 1879, No. 209.

Assumpsit by De Forest Merriman against Edwin Moore, Margaret S. Kennedy and Jacob Highley, executors of John Kennedy, deceased, and Christopher Heebner, to recover the amount of a mortgage held by plaintiff on land taken by the defendants, under and subject to the payment of said mortgage, the lien of which had been discharged by a sheriff's sale under a prior encumbrance. This was an appeal by defendants from the award of a board of arbitrators. The declaration averred that on November 2d 1875, Edwin R. Cochran and wife conveyed a certain lot of ground in the city of Philadelphia to defendants, under and subject to the payment of a certain mortgage of $800, given by one Milner to one Clay, of which the plaintiff was the legal holder, and that the defendants accepted the conveyance of said lot, and in consideration thereof promised the said Cochran and wife to pay to plaintiff the said mortgage, &c. There was also a count for money had and received. The defendants pleaded "non assumpserunt." At the trial plaintiff proposed to prove by R. W. Hammel "that he was the broker who effected the sale to Messrs. Heebner and Kennedy, and that it was expressly agreed between the parties to this deed that they were to assume the payment of both of the mortgages named in the deed, and that said mortgage formed part and parcel of the consideration-money."

The court sustained the objection to this offer. The court, Ross, P. J., directed the jury to find a special verdict, which they did, in

[Merriman v. Moore.]

substance, as follows : On November 2d 1875, Edwin R. Cochran and wife conveyed to John Kennedy and Christopher Heebner, certain lots for the sum of $9650. One of these lots was conveyed under and subject to the payment of two mortgages, one of which for $800 was executed by one Milner, the grantor of Cochran, and the other for $2550, by the grantor of Milner. The deed to Cochran contained no "under and subject" clause, as to the mortgage for $800. The plaintiff came into possession of this latter mortgage by assignment. At March Term 1877, writs of scire facias were issued upon both mortgages. The premises were sold by the sheriff for an amount insufficient to pay the first mortgage, and he stayed the writ on the one for $800. The amount remaining due the plaintiff was $998. If the court was of opinion that plaintiff was entitled to recover, then the jury find that amount in his favor as damages ; if, on the contrary, the court was of opinion that the action could not be maintained, then they find for defendants. The court entered judgment for defendants on this special verdict, when plaintiff took this writ and assigned for error this entry of judgment, and the exclusion of the evidence above set forth.

*Charles Hunsicker* and *Joseph W. Hunsicker*, for plaintiff in error.—The court erred in refusing to allow plaintiff to prove that the defendant had expressly agreed to assume the payment of the plaintiff's mortgage and that said mortgage formed part of the consideration-money: Moore's Appeal, 7 Norris 450; Samuel v. Peyton, Id. 465 ; Thomas v. Wiltbank, 6 W. N. C. 477. The Act of June 12th 1878, Pamph. L. 1878, p. 205, is not retrospective. If intended to apply to cases before the passage of the act, it is unconstitutional. It not only affects the remedy, but destroys the contract: McCabe v. Emerson, 6 Harris 111; Penrose v. Erie Canal Co., 6 P. F. Smith 46. ·

*James Boyd*, B. E. *Chain* and C. H. *Stinson*, for defendants in error.—The offer of the plaintiff was irrelevant, for it did not tend to show any liability on the part of Cochran, against which the defendants in error agreed to indemnify him.

The facts show that Cochran, defendants' grantor, had not assumed and was not personally liable for this debt, and there was no offer to prove it. The holder of the mortgage, which is the subject of this suit, was no party to the deed to defendants, and was a total stranger to the transaction. There was no contract, privity, or consideration between him, the defendants' vendor, or the defendants. The consideration in defendants' deed and the receipt for the same show that the mortgage formed no part of the consideration-money as between the parties to it.

The offer had reference to a consideration directly inconsistent

[Merriman *v.* Moore.]

with that mentioned in the deed. Besides, the Act of the 12th 'of June 1878, Pamph. L. 205, provides, that in order to make a pur-chaser personally liable for encumbrances, the assumption of such personal liability must be in writing. This act does not impair the obligation of any contract, for there was no contract between the plaintiff in error, the holder of the mortgage and these defendants.

The act is a mere regulation as to what is sufficient evidence, a mere measure of proof.

Mr. Justice PAXSON delivered the opinion of the court, January 23d 1879.

In recent cases some attempts have been made to define with as much precision as possible the mutual and dependent rights and duties of mortgagees, mortgagors, the grantees of mortgagors and the alienees of such grantees. 1. A conveyance of land "under and subject" to a mortgage executed by the grantor, creates, as between themselves, a covenant of indemnity to the grantor on the part of the grantee. 2. If the grantee alien by a deed containing the same "under and subject" clause, without more, the alienee does not assume a liability to the mortgagee, or undertake to discharge the grantee's covenant of indemnity. 3. It is competent, how-ever, for the mortgagee to show by adequate evidence that the alienee has taken upon himself not only the grantor's duty to indemnify the mortgagor, but a personal obligation to pay the mort-gage-debt. 4. In all cases arising before the Act of 12th of June 1878, this adequate evidence may consist of stipulations in the deed, of written articles, outside its terms, or of a verbal contem-poraneous agreement between the parties. And the fact of such an undertaking may be implied from circumstances attending and connected with the conveyance of the land: Moore's Appeal, 7 Norris 450; Samuel *v.* Peyton, Id. 465, and Thomas *v.* Wilt-bank, 6 W. N. C. 477. Is the present case within these princi-ples? It is an action of assumpsit brought by the assignee of a mortgagee against a grantee to enforce a promise to the grantor to pay off an outstanding mortgage, for which the grantor was not himself personally bound, made upon no other consideration than the value of the land conveyed. At the trial, an attempt was made to fasten a personal liability upon Cochran's grantees for the amount of the $800 mortgage to Clay. The plaintiff pro-posed to prove by Richard W. Hammel that "he was the broker who effected the sale to Heebner and Kennedy, and that it was expressly agreed between the parties to this deed that they were to assume the payment of both the mortgages named in the deed, and that said mortgages formed part of the consideration." The testimony was rejected, and afterwards, upon the facts found by the special verdict, a judgment was entered for the defendants.

Was Cochran in a position to enable him to make a contract like

[Merriman v. Moore.]

that alleged, so that it may inure to the benefit of the plaintiff? The court below held that he was not, for the reason that he was bound by no personal obligation to Milner, for he had received a general conveyance of encumbered property without any stipulation it should be subject to the encumbrances. In other words, that because Cochran was under no obligation or duty to pay the encumbrances, his grantees, who had bought "under and subject" to such encumbrances, had expressly agreed to pay them, as a part of the purchase-money, were not liable upon such promise, because without consideration. This was clearly error. The consideration was the price of the land. It was nothing to Cochran's vendees what the former did with the purchase-money. He saw proper to apply a portion of it to the payment of the mortgages which bound the land conveyed, although they imposed no personal liability upon him. A vendor may direct how the purchase-money shall be paid. He may reserve it to himself, donate it to a public charity, or may make such other disposition of it as may best meet his views, and if his vendee agrees to pay it according to such directions, he cannot set up as a defence that his vendor was under no duty to apply it in such manner. The difficulty in the way of the defendants is, that the evidence rejected would go to show that they have not paid the purchase-money. The right of the plaintiff to recover does not depend upon privity of contract. "It is a rudimental principle, that a party may sue on a promise made on sufficient consideration for his use and benefit, though it be made to another and not to himself:" Hoff's Appeal, 12 Harris 200; Townsend v. Long, 27 P. F. Smith 143; Justice v. Tallman, 5 Norris 147.

The court below rejected the evidence offered by the plaintiff for the further reason that it came within the Act of 12th June 1878, Pamph. L. 205. There is nothing upon the face of the act to lead to the conclusion that the legislature intended it to be retrospective. It speaks in the future tense throughout, and evidently means only to apply to future cases. In this respect it closely resembles the fourth section of the Act of 22d April 1856, Purd. Dig. 724, which was held to be prospective, in Lingenfelter v. Ritchey, 8 P. F. Smith 485.

Judgment reversed, and a *venire facias de novo* awarded.

Justices MERCUR and GORDON dissented.