Ryan *v.* The Buckeye State Building & Loan Co.

(Decided May 7, 1928.)

*Mr. John O. Eckert* and *Messrs. Murphy, Joseph & Murphy,* for plaintiff in error.

*Messrs. Wilson & Rector,* for defendant in error.

CUSHING, J. The Buckeye State Building & Loan Company brought an action in the court of common pleas of Clermont county against John A. Ryan and others to foreclose a mortgage on a farm in Clermont county and for a deficiency judgment against the defendants.

The petition states that on September 8, 1919, George A. Bell and Elizabeth O. Bell, his wife, transferred this property to S. M. Darby, and that as part of the consideration Darby assumed and agreed to pay a note which the Bells had given to the Buckeye State Building & Loan Company; that on January 14, 1920, Darby deeded the property to Harry Pugsley, Jr., who assumed and agreed to pay said note as part of the consideration for the transfer of the real estate; and that on December 31, 1920, Harry Pugsley, Jr., deeded the property to the defendant, John A. Ryan, who likewise assumed and agreed to pay said note.

John A. Ryan, for his answer to plaintiff's petition, after admitting the corporate capacity of the plaintiff, denies each and every allegation in the petition and denies specifically "that on or about December 31, 1920, he assumed and agreed to pay said note set forth in the petition of plaintiff, as a part of the consideration for the transfer of real estate to him by the defendant, Harry Pugsley, Jr."

The court of common pleas, on September 7, 1927, entered a deficiency judgment against John A. Ryan in the sum of $3,088.49, and this action is prosecuted to reverse that judgment.

Counsel for plaintiff in error in their brief state that in the deed from Darby to Pugsley there was no recital that Pugsley agreed to assume or pay the note or mortgage. The petition recites that Pugsley agreed to assume and pay the note; however, there is no evidence in the record tending to establish that allegation of the petition; nor is there any evidence in the record that Ryan, by deed, agreed to assume and pay the mortgage.

Much was made of a written instrument, dated December 21, 1920, between Harry Pugsley, Jr., and Bert Menachof, by which Menachof agreed to exchange the farm in question and assume a mortgage of $6,700 on the farm, which mortgage was payable to the Buckeye State Building & Loan Company. It is claimed that this contract, made for the partnership of Ryan, Eckert & Vangervosky, was for the benefit of the Buckeye State Building & Loan Company.

What the relations between Menachof and the said partnership were does not seem to us to be important. Ryan purchased from Pugsley, and, unless Pugsley was liable, any contract between Ryan, Eckert and Vangervosky and Pugsley could not inure to the benefit of the Buckeye Building & Loan Company.

It has been held in many cases, and stated in text-books, that a different question is raised where a grantee, who assumes a mortgage, derives his title from a grantor who did not assume it, or otherwise become personally liable for it. Many of the cases hold that a contract to assume a mortgage is primarily one of indemnity to the grantor, and, if the grantor was not personally liable, so that there was nothing to indemnify him against, there can be no

benefit accruing to the mortgagee from such promise.

The law of Ohio is that a plaintiff must prove the allegations of his petition by evidence.

In this case there is no proof that Pugsley assumed the mortgage. Therefore any contract that the firm of Ryan, Eckert & Vangervosky might have made for Pugsley's benefit cannot inure to the benefit of the Buckeye State Building & Loan Company.

One who purchases property subject to a mortgage is not bound, either expressly or by implication, to pay a deficiency caused by the failure of the property to sell for a sum sufficient to pay the mortgage.

Counsel for the building and loan company brought out the following:

"Q. When the matter came to you as an attorney, did it suggest itself to you to change that feature of it, and put in the words, 'subject to and not assuming,' in order to protect the possible liability of Mr. Ryan? A. No; it did not, because this deed had some other exceptions in it, if you will notice.

"Q. I haven't noticed any. A. There they are, 'except a mortgage of $6,700 to the Buckeye Building & Loan Company and all taxes and assessments.' "

The deed from Pugsley to Ryan contained the provision last above quoted, and is the only reference in the deed to the mortgage.

It has been held that the contract of the vendee is one of indemnity to the vendor solely, and, if there is no obligation imposed on the vendor to pay the mortgage, this assumption by the vendee is a nullity, and worthless to the original mortgagor. *Eakin* v. *Shultz*, 61 N. J. Eq., 156, 47 A., 274.

The motion of the plaintiff in error for a new

trial in the court of common pleas among other assignments of error states: "The finding and judgment of the court are contrary to law."

The petition in error in this court refers to "other errors apparent upon an inspection of the record."

A default judgment was entered against Ryan April 6, 1923. On petition, duly filed for that purpose, on June 12, 1926, the court of common pleas vacated the judgment of April 6, 1923, as follows:

"It is therefore ordered that said judgment rendered herein against John A. Ryan on the 6th day of April, 1923, be, and the same is hereby, vacated and set aside, and leave given to John A. Ryan to file his answer herewith within fifteen days."

The entry further recites:

"This order of vacation is suspended pending trial on the final merits, and the lien of the original judgment herein is continued until said trial."

Section 1533, General Code, provides, among other things, that the court of common pleas in each county shall hold not less than three terms of the common pleas court in each year.

Section 1536, General Code provides:

"Such court may hold an adjourned term for the purpose of completing the business of the regular term, notice thereof having been first entered upon the journal of the court at the regular term at which the adjourned term is appointed."

There was no adjournment of the term on the record of this court. It undertook to suspend its judgment. This could not be done. A court loses jurisdiction of its judgments and entries at the end of each term. This becomes important in connection with the entry that the court made September

7, 1927, after the expiration of at least five terms of that court.

The court on that date made the following entry:

"It is therefore ordered, adjudged, and decreed that the former order of this court vacating and setting aside the judgment hereinbefore rendered against John A. Ryan, be, and the same hereby is, vacated, set aside, and held for naught, and the said judgment as well as all executions affirmed and restored in all their former validity, force, and effect."

Our conclusion on the record is: That there is no evidence that Pugsley assumed and agreed to pay the mortgage; that the deed from Pugsley to Ryan did not contain such a provision; and that any contract entered into by Pugsley and Menachof, even if such a contract was entered into for the benefit of the firm of Ryan, Eckert & Vangervosky, does not in any way inure to the benefit of the Buckeye Building & Loan Company; and that the judgment of the court of common pleas, entered September 7, 1927, was without authority of law, and was therefore void.

There being no evidence on which Ryan could be held liable, the judgment against him having been vacated, set aside, and held for naught, and the judgment attempting to vacate that judgment of vacation being void, the judgment of the court of common pleas of Clermont county will be reversed, and the cause remanded, with instructions that the court of common pleas enter judgment in favor of Ryan.

*Judgment reversed.*

HAMILTON, P. J., and MILLS, J., concur.