one court, the court of common pleas, and there can be no such thing as an appeal taken from a judgment entered in one division of that court, to the court itself. There is no longer a probate court in Paulding county. There is a court of common pleas, possessing, in addition to its own jurisdiction, jurisdiction that the probate court of that county formerly had.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

JUSTICE and CROW, JJ., concur.

KEEHL *v.* ROBERTS ET AL.

(Decided April 22, 1929.)

Mr. H. A. Blachman, for plaintiff in error.
Mr. T. G. Thompson and Mr. Martin F. McCarthy, for defendants in error.

LEVINE, J. Error is prosecuted from the judgment of the common pleas court, wherein a deficiency judgment was rendered against Frank H. Keehl. The record discloses that this is an action in which

plaintiff below, Florence D. Roberts, sought to recover from Frank H. Keehl, and other defendants, a personal judgment on a promissory note of $750, with interest, in which action it was also sought to foreclose the mortgage securing the note.

It appears that the late F. E. Dellenbaugh, whose estate was recently administered, sold the property covered by the mortgage to Lena Nye Bugh and Corey J. Bugh, and this note was taken by him at the time as a purchase-money note secured by mortgage on the premises so sold. Shortly after the purchase, Lena Nye Bugh and Corey J. Bugh conveyed the property to Lucy M. Nye. Contained in the deed of conveyance to Lucy M. Nye is the following provision: ''Free and clear from all encumbrances whatever, except taxes and assessments for the last half of the year 1922 and thereafter, which the grantee assumes and agrees to pay.'' Nowhere in the deed to Lucy M. Nye, it is admitted upon the record, is there any provision wherein Lucy M. Nye assumed and agreed to pay the note' secured by mortgage. Thereafter Lucy M. Nye sold the property to defendant, Frank H. Keehl, and in that deed the grantee assumed and agreed to pay the note and mortgage.

The question presented to us is whether or not, in view of the provision found in the deed of conveyance to Frank H. Keehl, wherein he assumed and agreed to pay the note and mortgage, a deficiency judgment can be rendered against Frank H. Keehl. A full discussion of the subject is found in Wiltsie on Mortgage Foreclosures (4th Ed.), volume 1, Section 246:

''It is a general rule that a grantee of mortgaged

premises, though he expressly or impliedly assumes to pay the mortgage, is not personally liable for the indebtedness and is not liable for a deficiency arising on the foreclosure and sale unless his immediate grantor was also personally liable, legally or equitably, for the payment of the mortgage. It is a general rule, that where a predecessor in title was not personally liable for a mortgage indebtedness then existing against the premises, whether by assumption of the debt or otherwise, a subsequent grantee of the property is not liable though he has expressly agreed to assume the debt.

"It is well settled that to make a promise by a grantee to pay a mortgage indebtedness, effective, it must be made to a person liable legally or equitably for the mortgage debt, and if there is a break anywhere in the chain of liability, all the subsequent promises are without obligation. The theory of this rule is that where the grantor was not liable, there is no consideration to support the contract of assumption. But where a grantee took no beneficial interest in the premises, being a mere conduit through whom the title was conveyed to a purchaser who did assume the debt, the purchaser is liable if the original grantor was liable."

A long line of authorities is cited by the author to support the principle enunciated in the text, among which is the case of *Brewer* v. *Maurer,* 38 Ohio St., 543, 43 Am. Rep., 436. In the opinion of Johnson, J., rendered in that case, there is an elaborate discussion, and a long line of authorities cited, supporting the principle above stated.

The case of *Vrooman, Gdn.,* v. *Turner,* 69 N. Y., 280, 25 Am. Rep., 195, is mentioned in the opinion

as one of the leading cases on that subject, and, while the particular case of *Brewer* v. *Maurer* did not turn upon the point involved in our present case, there is enough in the language of the opinion to indicate that the Supreme Court of Ohio adopted the view expressed in *Vrooman* v. *Turner, supra.*

There are but two states in the Union, according to Wiltsie on Mortgage Foreclosures, which form an exception to the general rule. In Washington and Pennsylvania the rule seems to be established that the remote grantee is personally liable upon a contract of assumption, although his grantor is not liable.

In *Ryan* v. *Buckeye State Building & Loan Co.,* decided May 7, 1928, 29 Ohio App., 476, 163 N. E., 719, the court held: "In action to foreclose mortgage against defendant, remote grantee of original mortgagor, contract made for benefit of defendant's immediate grantor by defendant's firm, whereby mortgage payable to plaintiff was assumed, cannot inure to benefit of mortgagee, where there was no proof that defendant's immediate grantor assumed mortgage."

Basing our opinion upon the authorities cited, we conclude that the judgment of the common pleas court was erroneous, and that there is reversible error in said judgment.

The judgment of the common pleas court will therefore be reversed, and judgment will be entered in favor of Frank H. Keehl, plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

VICKERY, P. J., and SULLIVAN, J., concur.