MULLIN *v.* THE CLAREMONT REALTY CO.

(Decided December 15, 1930.)

*Mr. D. T. Hackett,* for plaintiff in error.
*Messrs. Nichols, Morrill, Wood, Marx & Ginter*
and *Miss Eleanor A. Ridiman,* for defendant in
error.

Ross, J. This case comes into this court on error
from the court of common pleas of Hamilton county,

wherein judgment was rendered in favor of the plaintiff realty company.

In an action for foreclosure the Claremont Realty Company sought to obtain a deficiency judgment against Ann M. Mullin, upon a note and mortgage executed by Charles E. Taylor, Bertha Taylor and Bertha Michelson to Carrie Tobias, assigned by her to the Claremont Realty Company. Bertha Michelson and the Taylors conveyed the property to Cora E. Prichard, who assumed the mortgage. The word grantor was inadvertently used in the deed instead of grantee, but the intention is manifest and obvious that this grantee assumed the mortgage. Cora E. Prichard conveyed to Charles E. Taylor. The mortgage, in this deed, was excepted from warranty, but not assumed.

Charles E. Taylor conveyed the property to Charles G. Young and Bertha F. Young, who assumed the mortgage, and the Youngs conveyed to Ann M. Mullin, who assumed the mortgage.

It is urged as error that the plaintiff company failed to prove its corporate existence. The record fails to substantiate this claim.

It is claimed the company was not the real party in interest. The assignment of the mortgage and possession thereof by the company refute this contention. It is contended that the company was not a holder in due course of the note, and no consideration was paid for the assignment. Even if such were the case, no prejudice appears to the plaintiff in error. No original infirmity is shown in the note. None of these contentions appears to have merit. It is further asserted, however, that there can be no liability on the part of Ann M. Mullin, because there

was a break in the chain of assuming purchasers and Ann M. Mullin cannot be liable unless all the preceding grantees were liable and had assumed the mortgage.

It is pointed out by the defendant in error, the Realty Company, that Charles E. Taylor was the original mortgagor, and that later, after a number of transfers, before which there had been a break in the chain, again became the owner and that the assumptions were continuous after his second ownership.

These facts in short show that all parties in the chain assumed the mortgage except Taylor, who was originally and continuously responsible therefor. In the deed to him it would have been surplusage for him to assume that for which he was already liable.

Some question has been raised that the record fails to show the identity of the two Charles E. Taylor names. Taylor was a witness and was questioned, but nowhere in the record is there any suggestion that he was not the original mortgagor and the grantor in the deed to Young. However, it is our opinion that the liability of Ann M. Mullin need not be predicated upon her antecedent grantor's liability.

It is a general rule, well recognized in Ohio, that an agreement made for a valid consideration by one person with another to pay money to a third can be enforced by the latter in his own name. *Emmitt* v. *Brophy,* 42 Ohio St., 82; *Kulp* v. *Fleming,* 65 Ohio St., 321, 338, 62 N. E., 334, 87 Am. St. Rep., 611.

Our Supreme Court has held that the assumption of a mortgage by a grantee is not a contract made for the benefit of a third person. *Denison Univer-*

*sity* v. *Manning,* 65 Ohio St., 138, 148, 149, 150, 61 N. E., 706; *Discount & Mortgage Co.* v. *Joseph,* 117 Ohio St., 127, 131, 157 N. E., 380. However, in this latter case, the court says at page 131 of the opinion in 117 Ohio State, 157 N. E., 380, 381: "There is no conflict here upon the proposition that, where a purchaser of mortgaged lands assumes and agrees to pay the mortgage, such liability inures to the benefit of the mortgagee and may be enforced by him. This general rule is recognized in practically all jurisdictions."

In *Keehl* v. *Roberts,* 32 Ohio App., 237, 167 N. E., 907, it is held: "Grantee, who assumed and agreed to pay note and mortgage, held not personally liable for mortgage debt, where his grantor did not assume and agree to pay note and mortgage."

And in *Ryan* v. *Buckeye State Bldg. & Loan Co.,* 29 Ohio App., 476, 163 N. E., 719, it is held: "2. In action to foreclose mortgage against defendant, remote grantee of original mortgagor, contract made for benefit of defendant's immediate grantor by defendant's firm, whereby mortgage payable to plaintiff was assumed, cannot inure to benefit of the mortgagee, where there was no proof that defendant's immediate grantor assumed mortgage."

The latter case, a decision by this court, was predicated upon a failure of proof, and, while considered an authority for nonliability where there has been a break in the chain, it may be distinguished on this ground.

The *Keehl case,* a decision by the Cuyahoga county Court of Appeals, is founded upon *Brewer* v. *Maurer,* 38 Ohio St., 543, 43 Am. Rep., 436. A careful reading of the last authority leads us to the con-

clusion that the Supreme Court did not in that decision take its place in the column of those states holding that liability of a grantor is necessary in order to hold a grantee upon his assumption of a mortgage where a deficiency judgment is sought to be enforced by the mortgagee against the assuming purchaser.

In the *Brewer case* relief was denied the mortgagee because he had given a release. Paragraph 4 of the syllabus reads: ''In such an action by the mortgagee it is a good defense to show that before the plaintiff has assented to or acted on the promise made in his favor, the agreement has been rescinded.''

In the *Brewer case,* a grantor who had assumed the mortgage was a married woman, and it was claimed she not being liable for a deficiency judgment could not obligate her grantee even by a specific assumption in her deed. The court reviews at length the authorities pro and con, and on page 552 of the opinion in 38 Ohio State, reviews the case of *Merriman* v. *Moore;* 90 Pa., 78, as follows:

''This question arose in *Merriman* v. *Moore,* 90 Pa. St., 78. That was an action, like the present, to recover for a deficiency, against a grantee, who held under a deed, subject to a mortgage which the grantee had *verbally* assumed to pay as part of the purchase money. There, as here, it was insisted, that as the grantor was under no personal obligation to pay the debt, his grantee's promise to pay the same was not binding, for want of a consideration.

''The court say, the consideration was the price of the land. It was nothing to the grantee what the grantor did with the purchase money. He might

direct how it should be paid. If the vendee agrees to pay it as the vendor directs, the former cannot set up, as a defense, that his vendor was under no duty to apply it in that way. If this principle be sound, and I see no reason to question it in a case like the present, then it follows, that the plaintiffs in error are liable on their covenant to pay, even though Mary Braundel was not. French, when he sold the land to them, made his conveyance subject to this mortgage, which they agreed to pay, as part of the purchase money.

"He, for reasons that are obvious, having assumed this debt, and having warranted the title, devoted a portion of the purchase money, equal to the debt, to its discharge. At that time, the debt was not all due. The promise was to pay the purchase money in the way specified in said mortgage. It was a promise for the benefit of all prior grantors, including the mortgagor. No reason can be perceived, why, in the furtherance of justice, the plaintiffs in error should not pay the purchase money in the manner they had contracted to pay, and thereby relieve the mortgagor, through whom they claim, from his liability."

It is true in the *Brewer case* the court found there was some liability of the married woman to the extent of her personal estate, but certainly *Brewer* v. *Maurer,* cannot be listed as an authority holding that a mortgagee cannot recover from an assuming purchaser whose grantor was not liable.

The authorities outside the state of Ohio are not in accord. The annotations in 12 A. L. R., 1528, give the opposing lines with the reasons for the different constructions. On page 1512 of the same

volume is reported the case of *Title Guaranty & Trust Co.* v. *Bushnell,* 143 Tenn., 681, 228 S. W., 699. At pages 1516 and 1517 the court considers the many opposing authorities, concluding that the better rule is in favor of liability. The court says, page 1517: "In these cases it is held that the price of the land is a sufficient consideration for the agreement to pay the mortgage debt, and the vendor may rightfully direct how, when, and to whom the purchase price of the land may be paid, and where a party purchaser of land agrees, as a part of the contract of purchase, to assume and pay a mortgage debt existing against the land, the promise so to do is for the benefit of the owner and holder of the debt, and may be enforced by such party."

In the same volume, 12 A. L. R., 1518, in *Baber* v. *Hanie,* 163 N. C., 588, 80 S. E., 57, the North Carolina Supreme Court arrives at an opposite result.

And again, in the same volume, 12 A. L. R., 1524, the Washington Supreme Court, in the case of *Corkrell* v. *Poe,* 100 Wash., 625, 171 P., 522, holds: "Remote grantees of a mortgagor who covenant and agree with their immediate grantors to assume and pay the mortgage are liable to a deficiency judgment, although their grantors were not personally liable on the mortgage."

The authorities hereinbefore noted indicate the wide divergence of reasoning upon this question. Our own view is that reason and justice require that the definite contract of the grantee to pay the mortgage be enforced even to the extent of a personal judgment, in view of the fact that there was consideration for her promise so to do. The conveyance of the equity of redemption cannot be allocated

to any specific consideration such as the transfer of title thereto alone. This is illustrated in the instant case where the transaction instead of being a cash sale involved the mutual exchange of assumption of mortgages by grantor and grantee. We quote from the testimony of the purchaser sought to be held:

"Q. Do you know the terms of the transaction? A. Well my husband was selling a house for a builder that owed him some money, and the other house went in trade for this house and my husband and the builder assumed, we assumed the mortgages on the Bassett Road and Mr. Young assumed the mortgage on the other place and gave us the difference in money.

"Q. In other words it was a trade rather than an outright sale for money? A. More or less, yes.

"Q. You traded some property located where? A. On Ridge Road.

"Q. To Mr. Young? A. Yes, but it was not our property, it was Mr. Hemmerle's property.

"Q. And as part of the transaction you paid no money? A. Yes, we paid Hemmerle some money.

"Q. And in addition you assumed and agreed to pay this Tobias mortgage? A. We assumed those mortgages.

"Q. You assumed the mortgages of the property you got? A. Yes.

"Q. And Mr. and Mrs. Young assumed the mortgage on what they got? A. Yes."

Such being the case, we conclude that our decision can be distinguished from that in each of the cases noted hereinbefore, in our own case, and in that of the Cuyahoga county Court of Appeals, for reasons manifest in the foregoing opinion.

The judgment of the court of common pleas of Hamilton county is affirmed.

*Judgment affirmed.*

HAMILTON, J., concurs.