Mack, J.
January 17, 1928, Max and Minnie Ortner executed a mortgage in the sum of $12,500, to plaintiff on certain real estate in Cincinnati, Ohio. Thereafter mortgagors conveyed said property subject to said mortgagee by general warranty deed, the grantees assuming and agreeing to pay the mortgage of plaintiff. Thereafter, said real estate, subject to said mortgage, was successively conveyed by grantees to other grantees who in turn likewise conveyed the same in a chain of six other conveyances; the grantee in each case agreeing to assume and pay plaintiff’s mortgage. The Penker Realty Company was the third of such grantees in the chain of title.
Thereafter, November 6, 1931, defendant Elnora West and husband executed a mortgage to the plaintiff in the sum of $300. On December 22, 1932, plaintiff commenced an action to foreclose its two mortgages making parties to said transaction each of the successive grantees and reciting their assumption of and agreement to pay plaintiff’s original mortgage. The property in question having been sold and there being a deficiency, the cause has been sub *16 mitted to the court on hearing as to a deficiency judgment against the successive grantees for the balance due on said first mortgage.
On behalf of the Penker Realty Company it is contended that it is merely a surety and that its rights have been •jeopardized by not foreclosing the mortgage upon first default. It is also contended by said Realty Company that its rights have been jeopardized by the granting of the second mortgage.
As to the latter claim it is only necessary to say that this court is unable to see how the rights of the Penker Realty Company were in any respect affected by the granting of the second mortgage upon which no liability whatever is asserted against it.
As to the first contention this court is of opinion that a complete answer thereto is the doctrine laid down by our Supreme Court in Denison University v. Manning, 65 Ohio St. 138, which principle has been recognized by our Supreme Court as late as Discount & Mortgage Co. v. Joseph, 117 Ohio St., at 131, and by our own Court of Appeals in an opinion by Judge Ross in Mullin v. Claremont Realty Co., 34 O. L. R. 335; 39 Ohio App. 105.
Such rule announced by said decisions is that, under the circumstances of the instant case, where the purchaser of mortgaged lands assumes and agrees to pay the mortgage, such liability inures to the benefit of the mortgagee and may be enforced by him. It is erroneous to say that such contract is made for the benefit of the mortgagee; upon the contrary, it is made wholly for the benefit of the parties to it and the mortgagee may elect to take advantage of it. The relation of the subsequent grantees to the original mortgagee is not that of surety for his mortgagor, but is a direct relation to the original mortgagee. As between any grantee and his subsequent grantee the relation may be that of surety or in the nature thereof, but there is no relation of surety as between a grantee and the original mortgagee.
Applying such doctrine to the instant case it follows that a deficiency judgment will be rendered herein against the Penker Realty Company, and all other grantees in the chain of title who have been served herein or who have entered their appearance,.