WILLIAM B. MORRILL *vs.* RICHMOND J. LANE & another.

Worcester, Oct. 2. — Nov. 27, 1883. FIELD & W. ALLEN, JJ., absent.

A promise by A. to B., who has assigned certain goods to A., to pay the amount owed by B. to his employees for labor on the goods, will not render A. liable to an action of contract by one of such employees.

CONTRACT in three counts. The first count was upon an account annexed for $73.23, for work and labor. The second count was for $73.23, money had and received. The third count was as follows: " The plaintiff says the defendants owe him $73.23, as follows : On or about August 23, 1881, one Munroe A. Goldsmith owed the plaintiff said sum, as set forth in the account annexed to his first count, and on that day assigned to the defendants certain boots manufactured and in process of manufacture, and all other property used in the manufacture of boots by him. And the defendants, in consideration thereof, promised the said Goldsmith to pay certain bills due from him, and, among others, said bill due to the plaintiff. And the defendants became bound to pay said bill, but, though requested, refused to do so."

Trial in the Superior Court, before *Staples*, J., who reported the case for the determination of this court, in substance as follows :

Under the first count, the plaintiff contended that the defendants were undisclosed principals, and that M. A. Goldsmith, who procured the work to be done, was their agent; and on this count the jury returned a verdict for the defendants. Upon the second and third counts, which were for the same cause of

action, the judge submitted to the jury the following questions, there being competent evidence before them upon which to answer the questions:

" 1. On or about August 23, 1881, did M. A. Goldsmith assign to the defendants certain boots manufactured and in process of manufacture, and all other property used in the manufacture of boots by him, and, in consideration of said assignment, did the defendants orally promise the said Goldsmith to pay the bills said Goldsmith then owed his help, and for what had been done on the stock for the factory, and to assume his, the said Goldsmith's, liabilities? 2. Was the claim in suit a claim of one of his said help? 3. Was the claim in suit a claim for work done on the said stock for the factory? To each question the jury answered, " Yes."

The judge thereupon ruled that, on the facts as found by the jury, the action could not be maintained, and directed the jury to return a verdict for the defendants on the second and third counts. If the direction was right, judgment was to be entered on the verdict; otherwise, judgment for the plaintiff, for the amount of the account annexed, and interest from the date of the writ.

*T. G. Kent*, for the plaintiff.

*H. E. Fales*, (*W. S. B. Hopkins* with him,) for the defendants.

C. ALLEN, J. It is well settled in this Commonwealth that a promise made by A. to B. that A. will pay unspecified amounts of money to various persons not named, but described generally as of a certain class, will not support an action by one of those persons against A. *Dow* v. *Clark*, 7 Gray, 198. *Exchange Bank* v. *Rice*, 107 Mass. 37. *Carr* v. *National Security Bank*, 107 Mass. 45. This is also the law of England. Pollock on Con. (3d ed.) 203-207. This case does not fall within the decision in *Frost* v. *Gage*, 1 Allen, 262, where there was a trust, and the action was by a *cestui que trust* against the trustee. Such a relation does not arise from a simple promise by A. to B. for the benefit of C. and others. *In re Empress Engineering Co.* 16 Ch. D. 125. Upon the facts found, we are not at liberty to assume, without the defendants' assent, that the defendants understood that the plaintiff was included in the class to be paid; and it is doubtful, to say the least, if such assumption would extricate the

plaintiff's case from the general rule. *Tweddle* v. *Atkinson,* 1
B. & S. 393. *In re Empress Engineering Co. ubi supra. National Bank* v. *Grand Lodge,* 98 U. S. 123. Leake on Con. 440,
443, 444. Chit. Con. (11th Am. ed.) 74, 75. Dicey on Parties,
78 – 84.                                     *Judgment on the verdict.*