𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CASSELMAN'S ADMINISTRATRIX v. GORDON AND LIGHTFOOT, RECEIVERS.

March 16, 1916.

Absent, Keith, P.

1. CONTRACTS—*Consideration—Assumption of Lien on Land.*—The assumption of the payment of a *lien* on land as a part of the purchase price thereof is supported by a sufficient consideration, although the grantee's immediate grantor was not personally bound for the debt secured by the lien.

2. CONTRACTS — *Privity — Assumption of Lien — Code, Section 2415 — Promise for Benefit of Another.*—The assumption of the payment of a lien on land as a part of the purchase price thereof, for which the grantee's immediate grantor is not personally bound, is a promise for the sole benefit of the holder of the lien within the meaning of section 2415 of the Code, and may be enforced by such holder against the party so promising.

Error to a judgment of the Corporation Court of the city of Newport News, in an action of *assumpsit.* Judgment for the plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Geo. Bryan* and *Maxwell G. Wallace,* for the plaintiff in error.

*J. R. Tucker* and *O'Flaherty, Fulton & Byrd,* for the defendants in error.

KELLY, J., delivered the opinion of the court.

The declaration in this case avers, and the agreed statement upon which the case was tried stipulates, the following essen-

tial facts:   Claude E. Sprenkle being the owner of certain
real estate upon which there was an unsatisfied .deed of trust,
given by a prior owner, sold and conveyed the same to Emma
M. Moran.   The latter conveyed the property to a trustee (sub-
ject to the above-mentioned deed of trust) to secure to Sprenkle
a part of the purchase money, which was represented by two
notes payable to the order of Emma M. Moran and endorsed by
her for $350 and $1,300, respectively.   The note for $350 was
subsequently paid by Casselman, a subsequent purchaser here-
inafter mentioned.   The note for $1,300, delivered originally
with the other one to Sprenkle, passed by successive valid
transfers into the hands of the defendants in error, Gordon and
Lightfoot, receivers.   In the meantime Emma M. Moran sold
and conveyed the premises to Jerry Morano, who assumed and
covenanted to pay the debts secured by both the above-mentioned
deeds of trust.   Thereafter Morano conveyed to Russell Fray,
who in turn conveyed to R. L. Barnes, but neither Fray nor
Barnes assumed the payment of the lien debts aforesaid.
Barnes then conveyed the property to Lawrence Casselman,
who, to use the exact language of the declaration and the agreed
statement of facts, "as a part of the consideration for said con-
veyance, by an instrument under seal, assumed payment of the
two said deeds hereinabove described, and promised and cove-
nanted to pay the debts secured thereby, a portion of which
debt was the $1,300 note now held by the plaintiffs."   Cassel-
man failed and refused to pay the $1,300 note at maturity.
The trustee in the deed of trust securing the same sold the
property subject to the first deed of trust, and realized so small
a sum that after paying the expenses of the sale there remained
only $103.36 to be credited on the note, leaving a balance of
$1,196.64.   Gordon and Lightfoot, receivers, thereupon brought
this action of *assumpsit* to recover the last-named sum with
interest.

There was a demurrer to the declaration, which was over-

ruled, and, thereupon, a jury being waived, the case was tried by the court upon the agreed facts, and a judgment rendered for the receivers.

There are two assignments of error, one to the action of the court in overruling the demurrer, and the other to its action in entering judgment for the plaintiffs upon the agreed facts, but the same contentions are involved in both assignments. These contentions are (1) that there was no consideration for Casselman's agreement to pay the note sued on, and (2) that there was no privity of contract between him and the holders of the note. Both of these contentions are based upon the fact that Casselman's immediate grantor, Barnes, had not assumed and was not personally liable for the debt, but it is manifest that neither contention can prevail in the face of the agreed facts and of the provisions of section 2415 of the Code of Virginia.

The quotation above set out from the declaration and agreed statement of facts is conclusive upon the question of consideration and requires no further discussion.

The claim of lack of privity between the parties is decisively met by the plain terms of the statute, which so far as material here are as follows: "If a covenant or promise be made for the sole benefit of a person with whom it is not made . . . such person may maintain in his own name any action thereon, he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise." Code, sec. 2415.

The very fact that there was no liability upon Barnes, so much relied upon by the plaintiff in error, brings this suit against her clearly within the terms of the statute. If Barnes had assumed and become liable for the debt, then there would have been some room to argue that the assumption of it by Casselman was primarily for the protection and benefit of Barnes and only incidentally for the benefit of the creditor, but as Barnes had not assumed the payment, the contract was

manifestly made for the sole benefit of the holder of the note. This result is so manifest and so free from difficulty or doubt, and the case so fully meets one of the universally recognized tests of the statute in question, that we have deemed it unnecessary to do more than state the facts and our conclusion thereon with a reference to the following authorities: *Newberry Land Co.* v. *Newberry,* 95 Va. 119, 121, 27 S. E. 899; *McIlvane* v. *Big Stony L. Co.,* 105 Va. 613, 620, 54 S. E. 473; Burks' Pl. & Pr., sec. 47, p. 50.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*