[Civ. No. 3852. First Appellate District, Division Two.—April 26, 1922.]

FRED H. CASE, Appellant, v. N. EGAN, Respondent.

[1] MORTGAGE — AGREEMENT OF GRANTEE TO PAY INDEBTEDNESS — NONLIABILITY OF GRANTOR—RIGHT OF MORTGAGEE TO ENFORCE PAYMENT.—Where the grantor of real property is not personally liable for a mortgage debt, a stipulation in a deed from him to his grantee that said grantee shall pay, personally, the mortgage indebtedness will not be regarded in law or equity as a contract intended for the benefit of a third person within the meaning of section 1559 of the Civil Code, so as to entitle such third person to enforce the same.

APPEAL from a judgment of the Superior Court of Alameda County. Fred V. Wood, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Geo. M. Naus and Chester H. Case for Appellant.

Fred B. Mellmann for Respondent.

LANGDON, P. J.—This appeal is from a judgment against the plaintiff, following an order sustaining a general

demurrer to the amended complaint without leave to amend after the plaintiff had declined to amend.

The complaint alleges, in substance: On August 4, 1913, Claude Scheelk made and delivered to George W. Austin his promissory note for $1,450, secured by deed of trust to certain real property; that the said note was assigned by said Austin to Case, the plaintiff here; that there has been a default in the payment thereof when due; that the real property conveyed by said deed of trust was transferred by Scheelk to Covington, by Covington to Faulkner and by Faulkner to Egan, the defendant here. With reference to the successive transfers of this property the complaint alleges: "Plaintiff is informed and believes, and therefore alleges that neither said Covington nor said Faulkner personally assumed the payment of said promissory note, or the indebtedness secured by said deed of trust, but that each of said transfers was made subject to said deed of trust without assumption of personal liability by the transferee." But it is alleged that in the transfer from Faulkner to defendant Egan the grant contained the following: "Subject to a deed of trust in the sum of fourteen hundred and fifty (1450) dollars . . . which the party of the second part hereby assumes and agrees to pay." It is alleged that on July 7, 1919, the trustees under the deed of trust sold the property; that after applying the proceeds of the sale to the debt, there was a deficiency of $1,966.40, for which judgment is asked against the defendant upon the ground that she agreed in writing that she would personally assume and pay the obligation of said promissory note.

[1] As admitted by both parties, the sole question presented upon this appeal is: "Is defendant Egan relieved from direct liability to the plaintiff upon her assumption of and agreement to pay the amount secured by the note and deed of trust by the circumstance that her grantor, Faulkner, was not himself personally liable therefor?"

Appellant's position is that the liability of the transferee of real property to the mortgagee or beneficiary under a deed of trust, springs, in this state, from two independent code rules, i. e., sections 2854 and 1559 of the Civil Code. Counsel, however, admit that under section 2854 of the Civil Code it is essential that the grantor of the property be himself personally liable for the debt secured thereby

before his grantee can be held liable by the mortgagee. This is because under that section the mortgagee must be "a creditor" of the grantor, and he cannot be a creditor of the grantor unless the grantor is personally liable to him for the debt. It is, therefore, admitted that if the rights of appellant depended solely upon that section of the code the demurrer was properly sustained.

However, the appellant, in a most comprehensive and scholarly brief, seeks to have this court declare that the plaintiff has stated a cause of action under the provisions of section 1559 of the Civil Code; that under said section personal liability of the grantor is a wholly immaterial circumstance in determining the liability of the grantee. Whatever may be our view as to the logic of appellant's arguments upon this question and his acuteness in differentiating the cases in this state which are opposed to his contention, we feel bound by the expressions of the rule in the following cases: *Biddel* v. *Brizzolara,* 64 Cal. 354 [30 Pac. 609]; *Alvord* v. *Spring Valley Gold Co.,* 106 Cal. 547 [40 Pac. 27]; *Ward* v. *De Oca,* 120 Cal. 102 [52 Pac. 130]; *Williams* v. *Naftzger,* 103 Cal. 438 [37 Pac. 411]; *Sherwood* v. *Lowell,* 34 Cal. App. 365, 377, 378 [167 Pac. 554]; *Page* v. *Chase Co.,* 145 Cal. 578, 585 [79 Pac. 278]; *Andrews* v. *Robertson,* 177 Cal. 434, 437 [170 Pac. 1129].

While some of these cases do not expressly decide the precise question presented here, we are of the opinion that it is the general doctrine of them all that where the grantor of real property is not personally liable for a mortgage debt, a stipulation in a deed from him to his grantee that said grantee shall pay, personally, the mortgage indebtedness will not be regarded in law or equity as a contract intended for the benefit of a third person within the meaning of section 1559 of the Civil Code, so as to entitle such third person to enforce the same. The reasoning inducing this conclusion is set forth in the case of *Vrooman* v. *Turner,* 69 N. Y. 280, 283 and 284 [25 Am. Rep. 195] which was one of the cases relied upon by our supreme court in the case of *Biddel* v. *Brizzolara, supra.* The other cases herein cited and which are binding upon us, either expressly announce this doctrine or they are in entire harmony therewith.

The demurrer to the complaint should have been sustained. The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 22, 1922.

All the Justices concurred.

Shurtleff, J., was absent and Richards. J., *pro tem.*, was acting.