ALEXANDER J. ROSS, Plaintiff, *v.* GEORGE E. DAVIS and LAURA A. DAVIS, His Wife, WILLIAM A. CLARK and ANNA A. CLARK, His Wife, LILLIAN BURD and THEODORE A. BURD, as Executors, etc., of GEORGE B. BURD, Deceased, and Others, Defendants.

Supreme Court, Erie County, January 13, 1931.

*James F. Martin*, for the plaintiff.

*Philip Halpern*, for the defendants William A. Clark and Anna A. Clark.

HINKLEY, J. The question presented upon this trial is whether the defendants Clark are liable in the event of a deficiency after a sale upon mortgage foreclosure.

The basic facts are not in dispute. Defendants Davis gave to plaintiff a bond and mortgage upon certain real estate, due August 31, 1928. The defendants Davis conveyed the premises to the late George B. Burd, an attorney at law, subject to the lien of the mortgage but he did not assume nor agree to pay the mortgage. After maturity of the mortgage the property was conveyed to the defendants Clark who did assume and agree to pay the mortgage.

The record thus discloses a break or hiatus in the assumption of the mortgage created by the deed which ran from the original mortgagor to the said Burd.

Unless the grantor Burd was legally or equitably liable for the payment of the mortgage, the defendants Clark, grantees of the said Burd, are not liable even though they assumed and agreed to pay the mortgage. (*Vrooman* v. *Turner*, 69 N. Y. 280.)

After the mortgage became due and while the said Burd held title to the property, he wrote a letter to the plaintiff which said, " he [Burd's son] also informs me that the mortgage is due. May I ask this favor? Hold it one year when it will be paid in full." Later Burd wrote to the first mortgagee that plaintiff had granted a year's extension of his, the plaintiff's, mortgage.

That the mortgage was extended was not disputed and such extension constituted a valid consideration for a promise upon Burd's part to pay the mortgage debt if such promise had been made. But no language of the latter can be construed to form a basis for such promise. On the contrary, Burd asked a favor which, in the ordinary meaning, is an act of kindness or generosity as distinguished from one that is inspired by a regard for justice, duty or right. The writer of the letter, a trained lawyer, did not say I will pay the mortgage but said that " it will be paid." Neither by intention nor implication did Burd incur a personal legal liability to pay the mortgage debt. If living, no claim could be made against him for a deficiency. The assumption of the mortgage debt by Burd's grantees, the defendants Clark, could not inure to the benefit of the plaintiff upon any claim of personal legal liability upon Burd's part to pay the debt. (*Carter* v. *Holahan*, 92 N. Y.

498, 504; *Clinton* v. *Buffalo Land Security Co.*, 55 App. Div. 440; *Metzger* v. *Nova Realty Co.*, 214 N. Y. 26, 30.)

The words " in case the grantor was not personally liable legally or *equitably* for the payment of the mortgage " appear in the opinion in the *Vrooman Case* (*supra*) and in the headnotes of *King* v. *Whitely* (10 Paige, 465) and *Trotter* v. *Hughes* (12 N. Y. 74). The inference may follow that a grantee who assumes a mortgage debt may be liable in the event that his grantor was *equitably* liable for the debt. This leads us to an analysis of the equitable relations existing between plaintiff and Burd notwithstanding the lack of legal liability upon the part of the latter for the payment of the mortgage debt. By the extension of the mortgage the plaintiff lost nothing so far as the proof discloses save a delay in payment. He did not thereby surrender nor lose his claim against the original mortgagor for a deficiency.

There was no consideration flowing from Burd to the plaintiff sufficient to form an extension agreement and thereby discharge the original mortgagor to the extent even of the value of the land at the time of the agreement. (*Murray* v. *Marshall*, 94 N. Y. 611.)

Neither was there proof that the original mortgagor demanded that the mortgage be foreclosed at the time it became due, which demand was essential if the mortgagor sought release from the mortgage debt. (*Gottschalk* v. *Jungmann*, 78 App. Div. 171, 173; *Osborne* v. *Heyward*, 40 id. 78.)

The court should be and is reluctant to relieve the defendants Clark from their positive formal assumption of the mortgage debt. There is a temptation to create an equitable liability on the part of Burd, the Clarks' grantor, somewhere between a legal duty and a moral obligation. Its foundation might lie in the theory of an implied contract. There is also some authority to the effect that a request, the granting of which carries with it a consideration, imports a promise to pay. (*Oatfield* v. *Waring*, 14 Johns. 188.)

Yet, in the final analysis, the court fails to find either a legal or an equitable liability upon the part of Burd in return for a mere favor or gratuity granted by the plaintiff in forbearing to foreclose his mortgage.

The defendants Clark are, therefore, not liable to pay for a deficiency upon the mortgage foreclosure.

Judgment may be entered herein in accordance with this opinion, without costs.