Union Trust Company of Rochester and Another, Plaintiffs, *v.* Helen C. Allen and Others, Defendants.

Supreme Court, Monroe County, June 6, 1933.

*Carnahan & Block*, for the plaintiffs.

*Wynkoop & Toan*, for the defendant Joseph Bevacqua.

*Don C. Allen*, defendant, in person.

TAYLOR, MARSH N., J.   In this action to foreclose a mortgage on real property now owned by the defendant Helen C. Allen, plaintiffs demand judgment against the defendants Joseph Bevacqua and Don C. Allen, former owners of the property, for any deficiency which may remain after applying the proceeds of the sale to the payment of the mortgage debt.

Plaintiffs' claims are based upon an assumption clause in the deed, pursuant to which Bevacqua acquired title to the property, and a similar clause in a deed thereof, from Bevacqua to Don Allen.   Bevacqua, for his defense, asserts that the assumption clause, in the deed to him, was inserted by mistake and asks for a reformation of the instrument.   Don Allen interposes the same defense relied upon by his grantor, Bevacqua.

In reply to these defenses, plaintiffs claim that if a mistake was made, it has been ratified and, further, that defendants are estopped from asserting it.   The evidence adduced upon the trial established the following facts:

The defendant Bevacqua acquired title to the property from Frank Bonnano and Ralph Pelligra and their wives, by deed dated May 9, 1927, and recorded May 11, 1927.   Said deed contained a provision binding Bevacqua to become personally responsible for the payment of the mortgage debt although the agreement which resulted in the conveyance was to the contrary.   This provision was inserted by mistake and the mistake was not discovered until some time in July when Allen, who acted as attorney for Bevacqua at the closing of title, received it back from the county clerk's office where he had delivered it to be recorded.   Bevacqua immediately repudiated the assumption clause and directed Allen to have the error corrected.   Allen went to the attorney who had represented the grantors and asked for a correction deed, but without result. He then purchased the property from Bevacqua and caused to be inserted, in the deed from Bevacqua to himself, a provision reciting that he assumed and agreed to pay the mortgages upon the property. Through several mesne conveyances, Helen C. Allen, the wife of Don Allen, acquired title on or about February 15, 1930, and was the owner of the equity of redemption at the time this action was commenced.

The mortgage now being foreclosed, and accompanying bond, both bearing date October 15, 1926, were given by Frank Bonnano

and wife, and Ralph Pelligra and wife, to one Oscar Feyder, to secure payment of a part of the purchase price of said premises. The principal sum secured thereby was $9,220, payable $150 of principal with accrued interest quarterly, the entire principal sum to become due and payable October 15, 1931.

Plaintiff Black purchased the bond and mortgage on May 27, 1927, from one Ray Asnass who had purchased the same from Feyder, the mortgagee. When said Black acquired the bond and mortgage, Bevacqua, who then owned the equity of redemption, executed and delivered to Black a certificate to the effect that there were no defenses to the bond and mortgage and that the mortgage was a valid lien upon the property. During the term for which the bond was written the stipulated interest and payments on principal were faithfully met. On October 15, 1931, or shortly thereafter, when the unpaid balance had become due, Black requested payment of the full amount. Don Allen, acting for his wife Helen, who was then the owner of the equity of redemption, informed Black that payment could not be made. During the discussion the question of the personal liability of Bevacqua and Allen came up and Allen, at that time, informed Black that the insertion of the assumption clause in the deed to Bevacqua was due to mistake and that neither he nor Bevacqua was personally liable on the bond. Thereafter, and on November 4, 1931, Black assigned the bond and mortgage to the plaintiff Union Trust Company as additional collateral security for a past indebtedness. At the time of this assignment, Allen, for and on behalf of Helen C. Allen, delivered to the Union Trust Company his affidavit to the effect that there were no defenses to the bond and mortgage and that said mortgage was a valid and subsisting lien against the premises. Aside from requesting this affidavit, the plaintiffs made no inquiries of either Bevacqua or Allen.

Principles applicable to the foregoing fact situation are as follows:

1. A mortgagee, in order to charge a purchaser of the mortgaged estate with personal responsibility for the payment of the mortgage debt, must establish a binding agreement for such payment between the purchaser and his grantor. (Jones Mort. [8th ed.] § 942; Thomas Mort. [3d ed.] § 610 *et seq.; Blass* v. *Terry*, 156 N. Y. 122, 126, 127; *Crowe* v. *Lewin*, 95 id. 423; *Garnsey* v. *Rogers*, 47 id. 233.)

2. A recital in a deed that the grantee assumes and agrees to pay the mortgage is not conclusive but may be explained; and upon a clear showing of mistake, the grantee may obtain a reformation in an action to foreclose the mortgage. (*Arnstein* v. *Bernstein*, 127 App. Div. 550.)

3. A grantee of a mortgaged estate who, by his deed, has assumed the payment of the mortgage debt, is not liable to the mortgagee unless his grantor is personally liable therefor. (*Vrooman* v. *Turner*, 69 N. Y. 280.)

Application of these principles to the facts in this case necessitates the conclusion that neither the defendant Joseph Bevacqua nor the defendant Don Allen is liable personally for the payment of the mortgage debt unless, by their acts or conduct, they are estopped from asserting that the insertion of the assumption clause in the deed was the result of a mistake.

In support of the contention that defendants Joseph Bevacqua and Don Allen are estopped, plaintiffs assert that the transfer of the property, from Bevacqua to Allen, after the discovery of the mistake, by a conveyance containing a covenant whereby Allen assumed and agreed to pay the mortgage, was a ratification of the deed to Bevacqua and of the assumption clause therein. Defendants claim that it was a further act of repudiation rather than one of ratification. As against the presumption arising from the making and delivery of the deed, the attendant circumstances and the fact that the grantee therein was Allen rather than an entire stranger to the transaction, lead me to conclude that Bevacqua did not thereby ratify the insertion of the assumption clause in the deed to him.

Plaintiffs further contend that defendants are estopped by reason of their failure to disclose the facts to the Union Trust Company at the time of the assignment of the mortgage by Black. The answer to this contention is that neither Bevacqua nor Allen was under any obligation to speak. Bevacqua had parted with the title to the mortgaged property some four years before; no inquiry was ever made of him with respect to his personal liability; Allen had also parted with the title and no inquiry was made of him as to his personal liability. Furthermore, Allen had informed Black, before Black assigned the bond and mortgage, that the assumption clause in the deed to Bevacqua was the result of a mistake and that, in his opinion, neither he nor Bevacqua was personally liable. Notice to Black was notice to his assignee. (*Stevenson Brewing Co.* v. *Iba*, 155 N. Y. 224; *Kommel* v. *Herb-Gner Construction Co.*, 256 id. 333; *Owen* v. *Evans*, 134 id. 514.)

No acts or conduct on the part of either Bevacqua or Allen have been shown by which it may be said that they are estopped. With ample opportunity to ascertain the true facts, first the plaintiff Black, when he purchased the mortgage, and later his assignee, were content to rely upon the assumption clauses in the recorded deeds. As hereinbefore pointed out, such recitals are not con-

clusive. (*Arnstein* v. *Bernstein, supra; Guarantee Mortgage, etc., Co.* v. *Cox,* 201 Iowa, 598; 206 N. W. 278; *Nebraska Wesleyan University* v. *Smith,* 113 Neb. 208.)

It follows that the complaint should be dismissed as against each of the answering defendants, with costs, and that the defendant Bevacqua should have judgment against the defendants Bonnano and Pelligra and their wives, for reformation of his deed, as demanded in his answer.

Plaintiffs are entitled to an interlocutory judgment of foreclosure and sale as against the remaining defendants, with costs.

Findings, in accordance herewith, may be presented for signature.