## ESCROW FOUNDATION BUILDING COR-PORATION v. HENDERSON.

### No. 2750.

District Court, D. Nevada.

March 15, 1939.

Clyde D. Souter, of Reno, Nev., for plaintiff.

N. J. Barry, of Reno, Nev., for defendant.

NORCROSS, District Judge.

Plaintiff by its complaint prays judgment against defendant for $1,913.78, being one-half the amount of plaintiff's deposit in the Reno National Bank at the time said Bank was taken over by the Comptroller of the Currency and representing the proportionate amount of dividends paid by the Receiver to depositors generally. Defendant by his cross-complaint prays judgment against plaintiff in the sum of $38,623.98, being the difference between the sale price of certain real property, title to which at the time of such sale was in the plaintiff, and the amount due upon certain notes in favor of said Bank, secured by mortgage or deed of trust of date April 22, 1926, which notes and mortgage or deed of trust were executed by Nevada State Life Insurance Company, a corporation, then owner of the property and from which corporation plaintiff deraigned title through an intermediate ownership.

The salient facts controlling in the case are admitted and are as follows: On December 28, 1928, the said Insurance Company, mortgagor, conveyed by deed the property to E. C. Lyon and Florence K. Lyon, his wife. The deed contains the following provisions:

"Subject to an encumbrance of $85,000.00 and interest at the rate of eight per cent per annum, and also subject to the unpaid portion of Center Street Bridge Assessments as of record.

"Subject to taxes for the fiscal year 1928–29."

On March 26, 1932, E. C. Lyon and wife conveyed by deed to plaintiff the real property in question, which deed contains the following provision: "Subject to a certain first deed of trust to the Reno National Bank in the sum of eighty five thousand dollars ($85,000.00), dated April 22, 1926, and filed in Book 43 of Mortgages, Page 362, Washoe County, Nevada, which said mortgage is now in the sum of $80,870.00, which the party of the second part assumes and agrees to pay, and also subject to a second deed of trust in the amount of Twenty Five Thousand Dollars ($25,000.00) to the Bank of America, Trust & Savings Association, Oakland Branch, Oakland, Alameda County, California, dated March 28, 1931, which the second party also assumes and agrees to pay."

It is the contention upon the part of defendant that as the deed to plaintiff contained a provision assuming payment of the debt secured by mortgage and trust deed, that defendant is liable for the balance of the indebtedness after deducting the proceeds of the sale made by the then Receiver, in pursuance of the provisions of the trust deed.

It is the contention of plaintiff that as it was not the grantee of the mortgagor and that as such grantees did not assume an obligation to pay the debt of the mortgagor, plaintiff is not liable to defendant, notwithstanding the provisions in the deed to plaintiff reciting that it assumed such obligation in that neither the mortgagor nor the mortgagee were parties to the deed containing such provision and that plaintiff's grantors were not obligated by the deed to them to account for any balance of the indebtedness not paid from the proceeds of the sale of the mortgaged property. Plaintiff further contends that as the then Receiver proceeded to sell the property under the trust deed provisions without foreclosure and sale no remedy exists otherwise than as against the maker of the notes and mortgagor. A deed of a mortgagor containing merely a provision that the land conveyed is subject to incumbrance thereon does not constitute an agreement upon the part of the grantee

to assume and pay the debt. Shepherd v. May, 115 U.S. 505, 6 S.Ct. 119, 29 L.Ed. 456; Union Mutual Life Insurance Co. v. Hanford, 143 U.S. 187, 12 S.Ct. 437, 36 L.Ed. 118.

The controlling question of law in this case is whether any liability exists upon the part of plaintiff to defendant in view of the provisions of the deed to it reciting an assumption upon its part as grantee of the mortgage indebtedness and an agreement to pay the same, when the deed to plaintiff's immediate grantors by the mortgagor contained no such provisions.

Primarily the question is one for State Courts to determine the rule governing in cases of such transfers of lands subject to mortgage or deed of trust of lands within a particular state. Where there has been such a determination by a State Court, Federal Courts are governed by the rule so adopted. For illustration, two cases are cited in the brief of defendant from the Circuit Court of Appeals of the Eighth Circuit, in which such a grantee is held to be liable in a case where the mortgaged land was in Missouri, and not so liable where the land was in Montana. Duvall-Percival Trust Co. v. Jenkins, 16 F.2d 223; Federal Surety Co. v. Minneapolis Steel & Machinery Co., 17 F.2d 242.

The question has never been directly presented and decided by the Supreme Court of Nevada. Counsel for plaintiff cites the case of Ferris v. Carson Water Co., 16 Nev. 44, 40 Am.Rep. 485, in which case the Supreme Court in its opinion cites and quotes from the opinion of the Court of Appeals of New York, Vrooman v. Turner, 69 N.Y. 280, 25 Am.Rep. 195, the latter case being a leading authority among the decisions sustaining the contention of plaintiff in the instant case. The decision in the Vrooman Case was followed in the case of Union Trust Co. v. Allen, 147 Misc. 885, 264 N.Y.S. 732.

The question has been before the Courts of California in a number of cases and the rule applied by the New York Court in the Vrooman case followed. Sherwood v. Lowell, 34 Cal.App. 365, 167 P. 554; Andrews v. Robertson, 177 Cal. 434, 170 P. 1129; Ward v. De Oca, 120 Cal. 102, 52 P. 130; Case v. Egan, 57 Cal.App. 453, 207 P. 388.

While not having any direct bearing upon a situation here presented to-wit: the fact that State Courts, having occasion to rule upon the question, are divid-

ed in their views to the extent that it would be difficult to determine which view is supported by the weight of authority, it may be noted that the Nevada Legislature of 1866 making provision for the preparation and adoption of a Code of Civil Procedure provided that the "ground work of said Act shall be the Code of Civil Procedure now in force in the State of New York, and the Civil Practice Act of California". Statutes of Nevada 1866, c. 65, p. 158. Courts which have had occasion to deal with the question here involved and have considered in that connection the "weight of authority", are not in accord in that respect. In the case of Colorado Sav. Bank v. Bales, 101 Kan. 100, 165 P. 843, the Court expressed the view that "the weight of authority is against liability." See, also, United Brick & Tile Co. v. McKissick, 8 Cir., 52 F.2d 426, 427. The Federal Surety Co. Case, supra, expressed the view that "the weight of [modern] authority" [17 F.2d 243], sustains such liability.

The Supreme Court of the United States in the case of Keller v. Ashford, 133 U.S. 610, 10 S.Ct. 494, 498, 33 L.Ed. 667, quoted with approval from the decision of the Court of Errors of New Jersey, in Crowell v. St. Barnabas Hospital, 27 N.J.Eq. 650, 655, 656, holding that such an agreement "will not in any case be available to the mortgagee, unless the grantor was himself personally liable for the payment of the mortgage debt". See, also, Union Mut. Life Ins. Co. v. Hanford, 143 U.S. 187, 12 S.Ct. 437, 36 L.Ed. 118.

Among the cases supporting the view of nonliability upon the part of a grantee to pay the mortgage debt, notwithstanding the expression of an agreement to that effect in the deed, where his grantor was not so liable, are cited the following: Y. M. C. A. of Portand v. Croft, 34 Or. 106, 55 P. 439, 75 Am.St.Rep. 568; Page v. Hinchee, 174 Okl. 537, 51 P.2d 487; Osborne v. Cabell, 77 Va. 462; Clement v. Willett, 105 Minn. 267, 117 N.W. 491, 17 L.R.A.,N.S., 1094, 127 Am.St.Rep. 562, 15 Ann.Cas. 1053; Fry v. Ausman, 29 S.D. 30, 135 N.W. 708, 39 L.R.A.,N.S., 150, Ann. Cas.1914C, 842; Morrill v. Lane, 136 Mass. 93.

Defendant is not entitled to judgment upon his cross-complaint. Plaintiff is entitled to judgment as prayed for. It is so ordered.