### 57308. SOMERS v. AVANT et al.

QUILLIAN, Presiding Judge.

Plaintiff Somers, Trustee of Southern Syndicate, Inc., appeals from the grant of summary judgment to Rufus P. Avant, one of two defendants.

Richard E. Shelley, co-defendant of Rufus P. Avant, on November 20, 1972, executed a note and deed to secure debt to Southern Syndicate for the purchase of real property. Shelley — on February 1, 1973, transferred the property to James T. Eubanks, Jr. The warranty deed included a clause in which the conveyance was "made subject to a . . . Loan Deed from Richard E. Shelley to Southern Syndicate, Inc. dated 11-20-72 . . ." On April 16, 1974, Eubanks — by warranty deed conveyed the property to defendant Rufus P. Avant. The deed included a clause as follows: "Grantee as a part of the consideration for this conveyance does hereby assume and agree to pay ... Loan in favor of Southern Syndicate, Inc. in the original

principal amount of $29,343.43, being secured by a Deed to Secure Debt executed by Richard E. Shelley in favor of Southern Syndicate . . ."

Defendant Avant moved for and was granted summary judgment "on the ground that there is no genuine issue as to any material fact and that the Defendant, Avant, is entitled to a judgment as a matter of law." Plaintiff Somers appeals. *Held:*

Both parties agree that this issue is one of first impression in Georgia and have cited a split of authority of our sister states and federal courts in the resolution of this problem. Plaintiff Somers argues that his action "is based on the right of a third-party beneficiary to a contract to enforce the same against the promisor." Defendant Avant contends that inasmuch as his vendor, "Eubanks, was *not* personally liable to Southern Syndicate, Inc. on the Mortgage debt . . . where Appellee [Avant] as grantee has entered into an agreement and be responsible for his grantor's obligations, Appellee [Avant] should not be in any better or worse position than his vendor."

We would phrase the issue differently: "What is the liability of a remote grantee to a mortgagee — *who assumed the debt* of the original mortgagor in the deed from his grantor, but his grantor did not assume the debt of the mortgagor but *took subject to* the original mortgage?" In other words, if the remote grantee's vendor is not liable for the debt, can the third-party beneficiary-mortgagee, who is not privy to the contract, sue the remote grantee — who did not write the warranty deed?

This issue has been exhaustively but not conclusively written about by state and federal courts with divergent views of the correct resolution. See 12 ALR 1528; 21 ALR 414; 21 ALR 423; 21 ALR 439; 21 ALR 454 (2); 21 ALR 499; 21 ALR 504; 41 ALR 317; 47 ALR 339; 100 ALR 911. Without belaboring the virtues and faults of the majority and minority views, we choose to follow the U. S. Supreme Court, which stated: "The purchaser of lands subject to mortgage, who assumes and agrees to pay the mortgage debt, becomes, as between himself and his vendor, the principal debtor, and the liability of the

vendor, as between the parties, is that of surety . . . But the right of the mortgagee to this remedy does not result from any fixed or vested right in him, arising either from the acceptance by the subsequent purchaser of the conveyance of the mortgaged premises, or from the obligation of the grantee to pay the mortgage debt as between himself and his grantor. Though the assumption of the mortgage debt by the subsequent purchaser is absolute and unqualified in the deed of conveyance, it will be controlled by a collateral contract made between him and his grantor, which is not embodied in the deed. *And it will not in any case be available to the mortgagee unless the grantor was himself personally liable for the payment of the mortgage debt.*" (Emphasis supplied.) Keller v. Ashford, 133 U. S. 610, 624-626 (10 SC 494, 33 LE 667).

The trial court did not err in granting summary judgment to the remote grantee.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED FEBRUARY 8, 1979 — DECIDED MARCH 8, 1979 — REHEARING DENIED MARCH 29, 1979 —

*Somers & Altenbach, John W. Gibson, Marvin M. Rice,* for appellant.

*Custer, Smith & Eubanks, Hansell Lee Smith, J. Eugene Wilson,* for appellees.