*McCauley,* for appellees.

## 35044. SOMERS v. AVANT.

HILL, Justice.

Defendant Shelley executed a note and deed to secure debt to Southern Syndicate, Inc., for the purchase of real property. Shelley later transferred the property to Eubanks by warranty deed. This deed was "made subject to" the security deed from Shelley to Southern Syndicate. Thereafter, Eubanks conveyed the property by warranty deed to co-defendant Avant. This deed provided that "Grantee as a part of the consideration for this conveyance does hereby *assume and agree to pay . . ."* the loan, specifically identified, secured by deed to secure debt executed by Shelley in favor of Southern Syndicate. (Emphasis supplied.)[1]

After default and foreclosure of a senior security deed, the trustee for the mortgagee, Southern Syndicate, brought suit against the original debtor and against the remote grantee who had assumed the debt.

Defendant Avant, the remote grantee, moved for and was granted summary judgment. The trustee for Southern Syndicate appealed. The Court of Appeals affirmed. *Somers v. Avant,* 149 Ga. App. 515 (254 SE2d 722) (1979).

---

[1] The deed from Eubanks to Avant read in pertinent part as follows: "Grantee as a part of the consideration for this conveyance does hereby assume and agree to pay as the same becomes due the outstanding principal balance together with the interest accruing thereon of each of the following loans: . . . 2. Loan in favor of Southern Syndicate, Inc., in the original principal amount of $29,343.43, being secured by a Deed to Secure Debt executed by Richard E. Shelley in favor of Southern Syndicate, Inc., dated November 20, 1972, recorded in Deed Book 5702, page 424 of Fulton County Records."

We granted certiorari to decide the question: Is a remote grantee who takes by a deed in which he agrees to pay a debt, personally liable to the mortgagee where an intermediate grantor took only subject to the debt and was not personally liable for it.

This is a question of first impression in Georgia. There is a split of authority in this country on the question now presented.[2] Corbin noted the conflict in the cases and concluded that the majority of decisions hold that the mortgagee can get judgment against the remote grantee on his promise to assume the debt not owed by his grantor. 4 Corbin on Contracts 151, § 796 (1951 & Supp. 1971).[3] Corbin suggests that it may seem surprising that the unobligated grantor would go to the trouble to get the remote grantee to assume the debt but the remote grantee's willingness to assume the debt is not surprising. The remote grantee ". . . thinks that the land is worth more than the mortgage or he would not pay anything to [his grantor] for the 'equity'; and he knows that in order to protect his investment the mortgage debt must be paid. He knows that nobody is going to pay it for him; and therefore he makes the promise to [his grantor] without feeling that it puts any added burden upon him." 4 Corbin on Contracts 154-155, § 796. Regarding the policy reasons for enforcing the remote grantee's promise, see 4 Corbin on Contracts 86-87, § 782.

Although the American Law Institute has not adopted a specific rule on this disputed issue, by

---

[2] In Georgia, and a majority of jurisdictions, a grantee who acquires real property and assumes a debt on which his grantor was personally liable, is liable to the mortgagee. *Smith v. Kingsley,* 178 Ga. 681 (1) (173 SE 702) (1934); *Anderson v. Higginbotham,* 174 Ga. 565 (1) (163 SE 477) (1931); *Jones v. Frances W. Wilson Foundation, Inc.,* 119 Ga. App. 28 (1) (165 SE2d 882) (1969); 4 Corbin on Contracts 146, § 796 (1951).

[3] Calder v. Richardson, 11 FSupp. 948 (D. C. Fla. 1935); Duvall Percival Trust Co. v. Jenkins, 16 F2d 223 (10th Cir. 1926); Cobb v. Fishel, 15 Colo. App. 384 (62 P

Illustration 2, Restatement of Contracts § 144 (1932), and Illustration 3, Restatement (2d) of Contracts § 144 (Tent. Draft No. 7, 1973), the Institute shows its decision that the mortgagee can recover against the remote grantee.

Williston found that the decisions generally deny the mortgagee a right to recover as a donee beneficiary. 2 Williston on Contracts 1043, § 386A (3d Ed. 1959).[4] Williston noted that if the remote grantee assumed the debt with the erroneous belief that his grantor was liable for it, the mortgagee could recover as a creditor beneficiary from the remote grantee. 2 Williston on Contracts 1044, § 386A. Apparently, Williston would first make the determination as to whether the mortgagee was a donee beneficiary or a creditor beneficiary, based upon the grantee's belief as to his grantor's liability, and allow recovery by the mortgagee in the latter cases.

Defendant cites cases denying recovery to the

---

625) (1900); Schneider v. Ferrigno, 110 Conn. 86 (147 A 303) (1929); Knapp v. New Haven Road Const. Co., 150 Conn. 321 (189 A2d 386) (1963); Harts v. Emery, 184 Ill. 560 (56 NE 865) (1900); Dean v. Walker, 107 Ill. 540 (47 Am. Rep. 474) (1882); Harvey v. Lowry, 204 Ind. 93 (183 NE 309) (1932); Marble Sav. Bank v. Mesarvey, 101 Iowa 285 (1904); Llewellyn v. Butler, 186 Mo. App. 525 (172 SW 413) (1915); McGregor v. Easter Bldg. & Loan Assn., 99 NW 509 (Neb. 1904); McDonald v. Finseth, 32 N. D. 400 (155 NW 863) (1915); Mullin v. Claremont Realty Co., 39 Ohio App. 103 (177 NE 226) (1930); Merriman v. Moore, 90 Pa. 78 (1879); South Carolina Ins. Co. v. Kohn, 108 S. C. 475 (95 SE 65) (1917); Title Guaranty & Trust Co. v. Bushnell, 143 Tenn. 681 (228 SW 699) (1921); Allen v. Traylor, 212 SW 945 (Tex. 1919); McKay v. Ward, 20 Utah 149 (57 P 1024) (1899); Casselman's Administratrix v. Gordon and Lightfoot, 118 Va. 553 (88 SE 58) (1916); Corksell v. Poe, 100 Wash. 625 (177 P 522) (1918); Fanning v. Murphy, 126 Wis. 538 (105 NW 1056) (1906).

[4] Morrill v. Lane, 136 Mass. 93 (1883); Colorado Sav. Bank v. Bales, 101 Kan. 100 (165 P 843) (1917); Nelson v. Rogers, 47 Minn. 103 (49 NW 526) (1891); Ross v. Davis,

mortgagee as a third-party beneficiary where the mortgagee has failed to show that it was the intention of the parties to the contract to benefit the mortgagee as a third party beneficiary. Page v. Hinchee, 51 P2d 487 (1935); Case v. Egan, 57 Cal. App. 453 (207 P 388) (1922); Fry v. Ausman, 29 S. D. 30 (135 NW 708) (1912). Many of those states denying recovery apparently would permit recovery upon a clear showing of intent to benefit the mortgagee.[5]

Up to this point our focus has been directed mainly to the intent and motives of the remote grantee and his grantor without reference to the unambiguous terms of their agreement. Looking at the agreement itself we find it to be clear. A person should do that which he or she promises to do, and generally where that promise is supported by consideration the courts will enforce it unless it is contrary to law or public policy. No law or policy has been cited or found which would invalidate the remote grantee's promise.

In fact, our law supports enforcement of the promise. Where a grantee accepts a deed he is bound by the covenants contained therein even though he does not sign the deed. Code § 29-102. Although as a general rule an action on a contract is brought by a party to it, the beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract. Code § 3-108. If there is valid consideration for a promise, it matters not from whom it moves; the promisee may sustain his action even though he be a stranger to the consideration. Code § 20-306.

We hold that a remote grantee who takes mortgaged real property by a deed in which he agrees to pay the debt

---

138 Misc. 863 (248 NYS 441) (1931); The Home v. Selling, 91 Or. 428 (179 P 261) (1919); Fry v. Ausman, 29 S. D. 30 (135 NW 708) (1913).

[5] Vrooman v. Turner, 69 N. Y. 280, 284 (1877); see also Case v. Egan, supra; Murray v. Creese, 80 Mont. 453 (260 P 1051) (1927); Garfinkel v. Vinik, 115 N. J. Eq. 42 (169 A 527) (1933); Baber v. Hanie, 163 N. C. 588 (80 SE 57) (1913); McCoy v. Spears, 186 Okla. 33 (1939).

is personally liable to the mortgagee even though his grantor or a predecessor in title took only subject to the debt and was not personally liable for that debt. We reach no decision in this case on the question of whether, as between the original debtor and the remote grantee, the remote grantee is primarily, secondarily or equally liable.

The grant of the remote grantee's motion for summary judgment was error.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1979 — DECIDED
OCTOBER 16, 1979.

*Somers & Altenbach, John W. Gibson, Marvin M. Rice,* for appellant.

*Custer, Smith & Eubanks, Hansell L. Smith,* for appellee.